Anton Ewing (NOT AN ATTORNEY)
3077 Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff *in pro per*

FILED
MAY 30 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY gsv DEPUTY

**THE UNITED STATES FEDERAL DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing, an individual<br>Plaintiff,<br>vs.<br>**RKJMM Associates, LLC;**<br>**Rashad Jones, an individual.**<br>Defendants. | Civil Case No. **21-cv-1366-JO-DEB**<br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**<br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br>Date: please provide<br>Time: NA<br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br>The Honorable Jinsook Ohta |

TO ALL PARTIES AND THE HONORABLE DISTRICT JUDGE OHTA:

1. May it please the Court, Plaintiff Anton Ewing ("Ewing") hereby respectfully moves the Honorable District Judge Jinsook Ohta, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment against RKJMM Associates, LLC and Rashad Jones, an individual, (herein "Defendants") in the amount of $9,000 for violation of the TCPA, 47 USC §227(b)(1) and (c)(5).

Plaintiff also moves for costs of $400 for the court filing fees and $95 for service of process fees (paid to ABC Legal). Since Defendants were put on formal notice of this lawsuit by lawful service of the summons and complaint, and yet failed to defend, then all well-plead facts and allegations in the Complaint are taken as true, correct and accurate. In Complaint paragraph 1, Plaintiff stated that Defendant Rashad Jones called Plaintiff, directly, on July 28, 2021 from 732-685-5091. In Complaint paragraph 2, Plaintiff stated that Defendant Rashad Jones called from 619-826-6143 and was from RKJMM Associates, LLC. *See* PageID.2.

2. In Complaint paragraph 43, Plaintiff stated that on June 16, 2021, Defendant RKJMM Associates, LLC called Plaintiff and that Plaintiff demanded a written copy of their Do Not Call policy which they failed to provide.

3. Three violations of 47 USC §227(b)(1)(A) at $1500 per violation is $4500.

4. Three violations of 47 USC §227(c)(5) at $1500 per violation is another $4500. *See* 16-CV-02415-GPC-BGS filed 8/20/2018 *Osgood vs. Main Streat Marketing, LLC, et al.*

5. In the alternative, Plaintiff respectfully moves the Court to enter default judgement as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in very limited discovery as to the amount of damages only. Said discovery request is limited and restricted solely to taking the single deposition of Defendant's CEO for a maximum of two hours as provided in the

Rules using zoom remote deposition technology. The only purpose of the deposition is to determine the exact number of calls made and text messages sent to Plaintiff by Defendants. The deposition would be a very limited *duces tecum* and Defendant Jones would be given at least 35 days advance notice. This discovery request is neither for interrogatories nor requests for admissions.

6. It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule 55(b)(2), courts have allowed discovery on the issue of damages after the entry of default. *See Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 U.S. Dist. LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016)(collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action."); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (noting that the plaintiff was "granted leave to conduct discovery on the issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default). *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *19-20 (C.D. Cal. June 9, 2016)

## PROCEDURAL HISTORY

7. On July 29, 2021, Plaintiff Anton Ewing initiated this action by filing a Complaint against Defendant RKJMM Associates, LLC and Rashad Jones (ECF No. 1). Plaintiff filed proof of service as to the Complaint (ECF Nos. 9 and 10) on Defendants. *See also* ECF No. 23 declaration.

8. Plaintiff now files a motion for default judgment against both Defendants according to the allegations contained in the Complaint, which must now be taken as true and correct. The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

9. While the FBI and US DOJ would never actually prosecute someone for a Title 47 violation, it appears that it is a crime to violate 47 USC §501 by doing what has been made "unlawful" under 47 USC §227, that is, telemarketing with an ATDS. No natural person can employ another person (legal or natural) to commit his or her crimes. Rashad Jones did just that by setting up RKJMM Associates, LLC to robo-dial Plaintiff.

10. Defendant RASHAD JONES knows what he is doing is wrong and illegal. In that regard, Plaintiff is asking the Court to enter a permanent injunction against Defendant RASHAD JONES, as is expressly provided in both 47 USC

§227(b)(3)(A) and 47 USC §227(c)(5)(A) ("*an action based on a violation of the regulations prescribed under this subsection to enjoin such violation*").

11. Respectfully, Defendant RASHAD JONES knows that telemarketing with a robodialer to numbers registered on www.donotcall.gov is illegal. RASHAD JONES is just making way too much money to care about obeying the law by suckering poor people into thinking that RASHAD JONES has the perfect solution to their loan/money problems problems with harassing calls.

**RELEVANT FACTS ALLEGED IN THE COMPLAINT**

12. The California Department of Justice requires telemarketers to registered and post a $50,000 bond. Defendant has failed to do this.

13. The Complaint establishes a 47 USC §227(c)(5) violation because Plaintiff registered his phone more than 31 days prior to the offending calls.

14. The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case. Plaintiff put his phone number on www.donotcall.gov. Plaintiff was called with an ATDS by Defendant RASHAD JONES with a pre-recorded message. Plaintiff's phone is a cellular phone, that is 619-719-9640.

15. Plaintiff is requesting the Court to enter an injunction against defaulted Defendant RASHAD JONES to prohibit him from violating the TCPA in the future.

**SUMMARY OF LEGAL ANALSYS**

16. Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560*. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

17. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

**a. Possibility of Prejudice to the Plaintiff**

i. There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

**b. Merits of Plaintiff's Substantive Claim**

i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff argues he has stated a prima facie claim under the TCPA for both a willful and a negligent violation.

ii. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS") or an artificial pre-recorded voice; (2) they were the "called party;" and (3) that defendant did not have Plaintiff's prior consent to

make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged Defendants' calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendants consent to contact him and his number was on the Do Not Call list. Thus, the Court should find Plaintiff pled sufficient facts to succeed on his TCPA.

**c. Sufficiency of the Complaint**

i. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and

finding an award of $19,977.74 not a "large money judgment" in today's world). The $9,000 requested by Plaintiff is not unreasonably large given the scale of Defendant RASHAD JONES' operations.

**d. Sum of Money at Stake**

i. It is squarely within the Court's sound and complete discretion to award treble damages or not. Plaintiff requests $1,500 in treble damages for the intentional or willful TCPA violations. "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C). Here, Plaintiff alleges significant facts regarding Defendant's willfulness and intent. The facts Plaintiff includes go to willfulness are the fact that his phone numbers was placed on the National Do Not Call Registry. Ewing clearly posts on his own web pages to not call. While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendants had prior knowledge of the phone

number's registration on the Do Not Call List and that Defendants had a duty to check.

ii. One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant RASHAD JONES called Plaintiff at least three times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the complaint to support a finding that Defendant RASHAD JONES acted willfully or

knowingly violated the law. *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 2 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

**e. Possibility of a Dispute Concerning Material Facts**

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendants failed to participate in litigation, the clerk entered default against them, submitting all well-plead facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendants.

**f. If Default was Due to Excusable Neglect**

i. There is no indication that Defendants allowed its default to be taken as a result of excusable neglect. The ECF docket speaks for itself. After being served with the complaint, Defendants simply failed to respond or even participate in defending itself. The Court has nothing in the record to support a finding that Defendant's

neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

**g. Policy Favoring Decisions on the Merits**

i. Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the defendants takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendants have failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id.* In sum, the relevant considerations weigh in favor of entry of default judgment against Defendants.

**EVIDENCE OF DEFENDANT'S PHONE NUMBER**

18. A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendants have exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient[1]. Further, sophisticated telemarketers, like these Defendants, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for

---

[1] And thus the phone bill as well.

free[2]. Telemarketers are getting more and more clever and cunning, just like Defendant RASHAD JONES. Notwithstanding, Defendant RASHAD JONES used the above stated numbers to call Ewing on the dates and times shown. Each call contains or justifies $1,500 for violating §227(b) by using an ATDS and artificial voice; plus $1,500 for violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure to send a written copy of the DNC policy after express request therefor, or plus $1,500 for failure to identify caller in the beginning of each call.

**THREE FACTORS FOR AMOUNT OF DAMAGES**

The Court must address three issues when considering TCPA damages. *See, e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2 Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS

---

[2] https://voice.google.com/signup then pick a number from whatever location, enter cell number, confirm the PIN code that is sent via text and that is all it takes to become a spammer. The Court is encouraged to see how powerful and dangerous this technology is or how it could be used by telemarketers for harassing millions of Americans.

177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9. Here, Ewing established multiple violations under §§ 227(b) and (c). Ewing establishes that each of the 3 calls that he received from RASHAD JONES, a California corporation violated the TCPA's prohibition on automated telephone calls. Ewing also establishes 3 violations for failure to identify the caller[3] and 3 violations for initiating a call without an internal do-not-call policy available upon demand. Ewing establishes that the calls were made in violation of the national do-not-call list (registry) because he provides evidence that his number was on the list during the relevant time (Ewing registered 619-719-9640 on 2/16/2012 – all were at least 31 days prior to the offending calls).

**CONCLUSION**

**Wherefore,** the Court should grant Plaintiff's motion for default judgment in the amount of $9,000 plus an injunction because the defaulted Defendant RASHAD JONES had admitted to wrongdoing and default has been entered against them in this matter. Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven.

Dated: May 26, 2023

Anton Ewing
*/S/ Anton Ewing*
Anton Ewing, Plaintiff
Pro per

[3] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call. Defendants did not do this. Further, fraudulently disclosing that you are certified and licensed by Google is not a disclosure within the meaning of the TSR.

## PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter and have served on Defendants as follows:

21-cv-01366 JO-DEB **Notice of motion, Motion for default judgment and Memorandum of Points and Authorities has been electronically mailed to:**

I have also mailed a copy of this document to Defendant.

RASHAD JONES
And
RKJMM Associates, LLC
1827 Bur Oak
Allen, TX 75002

and by US Mail, postage pre-paid, first class to:
Rashad Jones
And
RKJMM Associates, LLC
1827 Bur Oak
Allen, TX 75002

As well as all other CM/ECF users registered in this matter.

I swear under penalty of perjury that the above was served as stated.
Dated: May 26, 2023

/S/ *Anton Ewing*
Anton Ewing